McCay, Judge.
When the whole record is considered, this case at last comes simply to this: The sheriff paid this money to Mr. Moses at a time when he ought not to have’ paid it. But as matters have finally resulted, had he kept the money until it was paid out under an order of the Court, the very fi. fa. on which it was in fact credited, would, under the law, have got it. It seems to us that it is pushing the idea of regularity and method very far to give such tremendous effect to this entry of credit.
As we understand the argument, it is this: “The money went
into the sheriff’s hands for distribution. It has never been legally and regularly distributed. In contemplation of law, it is therefore still in the sheriff’s hands for distribution. If Mr. ■ Moses has it, he has it as the bailee of the sheriff. Of the 'two fi. fas. claiming it, that of the oldest date is to be considered the oldest, but the entry of credit on it satisfies it, and, therefore, the younger fi. fa. takes the money.” But this argument ignores the fact that this entry was for this very money, and if the money was not properly paid to it at the. time, the entry does not represent the truth, and there is really no credit. The Judge of the Superior Court, on a rule for distribution of money, sits as a Chancellor, and the rules of estoppel, etc., do not operate unless they are just and equitable. Hither the money was 'properly paid, or it was not. If properly, it is not now in the sheriff’s hands. If improperly, the credit is nothing.
We think the order to enter the credit on the younger fi. fa. was error. The order ought to have been simply an order reciting the facts and directing that, though the payment had *been made at a time when the sheriff was not authorized to pay out the money, yet, as the Bradley fi. fa. was the oldest, and as there had been a failure to reduce it, that the entry of it stand as a disposition of the fund held up by the notice.
Judgment reversed.